UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:98-MC-61-RLJ-HBG |
| | ) | |
| LESLIE R. HALPERN-SEBOLD, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Compel Post-Judgment Discovery [Doc. 2], filed by the United States of America. The United States moves the Court to enter an order compelling Defendant to respond to post-judgment discovery requests served on Defendant on December 4, 2013. The United States also moves the Court to award reasonable expenses incurred by the United States in connection with filing the instant motion.

On January 4, 1996, judgment was entered against the Defendant in the Supreme Court for New York, Kings County in the total amount of $118,163.37. [See Doc. 3]. The judgment was registered in this Court on July 9, 1998. Interest has accrued on the judgment at the rate of 5.413% per annum. [Id.]. Defendant has paid $136,511.10 toward satisfaction of the judgment debt, but with interest computed through March 3, 2014, Defendant owes $146,458.92 on the judgment. [Id.].

The United States represents that, as part of its efforts to collect the judgment debt, it served Defendant with its First Interrogatories in Aid of Execution and First Requests for Production in Aid of Execution. [See Doc. 4]. On January 17, 2014, the United States informed

the Defendant of its intent to compel responses if necessary and again served a copy of the discovery requests on Defendant. [Id.]. The United States represents that the Defendant has wholly failed to respond to the discovery requests or to respond to the correspondence from the United States. [Id.].

The instant motion was filed on March 4, 2014. The Defendant has not responded in opposition, and the Court finds that the time for responding has expired. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 5 & 6. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. The Court finds that the Defendant's failure to file a timely response in opposition to the relief sought by the Defendant may be treated as acquiescence to the relief sought.

Moreover, under Rule 69(a) of the Federal Rules of Civil Procedure, a judgment creditor is authorized to seek post-judgment discovery in aid of execution on a judgment.

Accordingly, based upon the lack of timely opposition and for good cause shown, the Court finds that the Motion to Compel **[Doc. 2]** is well-taken, and it is **GRANTED**. The Defendant **SHALL RESPOND** to the First Interrogatories in Aid of Execution and First Requests for Production in Aid of Execution on or before **May 2, 2014**.

The Court finds that it is not appropriate to award the United States fees and expenses at this time, and the request for fees and expenses is **DENIED WITHOUT PREJUDICE**. The United States may renew its request for fees and expenses after the deadline for Defendant's compliance expires.

**IT IS SO ORDERED.**

ENTER:

/s H. Bruce Guyton
United States Magistrate Judge